IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERICKA PENALOZA, as Next Friend of YURITZI PENALOZA, a Minor Surviving Daughter and Wrongful Death Beneficiary of the Estate of REYES C. ESTRADA, JR., a/k/a LINDBERG ZARCO, Deceased, | : : : : : : | |
| Plaintiff, | : : | 3:05-CV-14 (CAR) |
| vs. | : : | |
| SWEED MACHINERY, INC. and Its Successors in Interest of JEDDELOH BROTHERS MILLS, INC., and JOHN DOE COMPONENT PART MANUFACTURER/SUPPLIER; RAUTE WOOD, INC.; L&H TECHNOLOGIES, INC.; BOSCH REXROTH CORPORATION; MTS SYSTEMS CORPORATION; MILLER FLUID POWER CORPORATION; AND JOHN DOE SAFETY CONSULTANT/MAINTENANCE TRAINING SERVICES, | : : : : : : : : : : : | |
| Defendants. | : | |

*ORDER ON DEFENDANT MTS SYSTEMS CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT*

Before the Court is Defendant MTS Systems Corporation's Motion for Judgment

on the Pleadings, or alternatively, Motion for Summary Judgment. [Doc. 29]. Plaintiff

filed a response brief in opposition thereto [Doc. 41], and Defendant filed a brief in reply

1

[Doc. 43]. Through the instant Motions, Defendant MTS Systems Corporation (herein "Defendant") seeks to have the Complaint filed by Plaintiff Ericka Penaloza as Next Friend of Yuritzi Penaloza, a Minor Surviving Daughter and Wrongful Death Beneficiary of the Estate of Reyes C. Estrada, Jr., a/k/a Lindberg Zarco, Deceased (herein "Plaintiff"), dismissed for failure to timely serve Defendant with the Summons and Complaint after the statute of limitations ran on Plaintiff's claims. Because the Court finds that Plaintiffs' claims do not fail as a matter of law, Defendant's Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgment is **HEREBY DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

The facts surrounding service of process are alleged as follows. Reyes C. Estrada was crushed to death by equipment referred to as a Raute Dryer on January 23, 2003. On January 24, 2005 at 11:47 a.m., the date the limitations was set to expire, Plaintiff was advised that one component of the Raute Dryer was a "Temposonics" part. Plaintiff conducted research on the Temposonics part and discovered that "Temposonics" was the trademarked name of a product manufactured by Defendant MTS Systems Corporation. Plaintiff went to Defendant's Web page and found information that the Temposonics part was manufactured by MTS Systems Corporation Sensors Division located at 3001 Sheldon Drive, Cary, North Carolina. Plaintiff then went to the North Carolina Department of the Secretary of State Web site and confirmed Dan Sparks as a registered agent of Defendant.

On January 24, 2005 Plaintiff filed its complaint in the Superior Court of Madison County, Georgia. Plaintiff named Defendant in the complaint, listing Dan Sparks as the

registered agent for service of process at 1001 Sheldon Drive, Cary, North Carolina 27513, and/or P.O. Box 14226, Durham, North Carolina 27709-4226. This differs from the address listed in Plaintiff's Response [Doc. 41] which states 3001 Sheldon Drive.

On January 25 or 26, 2005, Plaintiff's counsel contacted Wake County Sheriff's Department in North Carolina and was told that service on Defendant required a fee of $15. On January 27, 2005, Plaintiff's counsel completed the process at Madison County Courthouse to request service on Defendant. Either on February 7 or February 22, 2005, Plaintiff's counsel was notified by Wake County Sheriff's Department that the check received for payment of service fee was short. Payment was remitted at some point thereafter. Plaintiff's counsel had telephone conferences with Wake County Sheriff's office on February 22 and 28, 2005, wherein Plaintiff's counsel was advised that Defendant would be served.

This matter was removed to federal court on March 3, 2005, with the consent of Defendant. On March 8, 2005, Plaintiff received notice from Wake County Sheriff's Department that Defendant had moved out of state to Minnesota. On March 16, 2005, Plaintiff sent a new check for service on Defendant to the Sheriff's Department. Defendant was served on March 22, 2005.

Defendant filed the present Motion to Dismiss [Doc. 29] on April 28, 2005. Plaintiffs responded June 6, 2005 [Doc. 41], and Defendant replied June 23, 2005 [Doc. 43]. The Court will now address the present Motion for Judgment on the Pleadings.

**DISCUSSION**

In ruling upon a motion to dismiss, the Court must enter judgment on the pleadings when there are "no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002) (internal citation omitted). "The court must view the facts 'in the light most favorable to the nonmoving party,' and it can grant the motion only if the non-movant 'can prove no set of facts' which would allow it to prevail." Palmer & Cay, Inc. v. Marsh & McLennan Co.,404 F.3d 1297, 1303 (11th Cir. 2005) (internal citations omitted).

Defendant argues that Plaintiff has not met its burden of using reasonable diligence in perfecting service on Defendant in this case. Viewing the facts in a light most favorable to Plaintiff, the Court disagrees with Defendant. Unlike some of the cases cited by Defendant, Plaintiff did not sit idly by while the clock was ticking before service was perfected on Defendant on March 22, 2005. Rather, Plaintiff relied on information provided by Defendant's own Web site and that of the North Carolina Department of the Secretary of State Web site in requesting service on Defendant's registered agent. After completing the process for requesting service on Defendant January 27, 2005, Plaintiff was in contact with the Sheriff's Department attempting to perfect service on Defendant on at least two occasions, where Plaintiff was advised there would not be any problems in serving Defendant.

The Court will not penalize Plaintiff because Defendant's registered agent had moved and the Secretary of State's web site had not been. Plaintiff took the necessary steps to ensure service of process would be made on Defendant's registered agent in a timely

manner. Plaintiff was not notified that Defendant could not be served until March 8, 2005. Eight days later a new check for service on Defendant in Minnesota was routed. This delay of eight days is not what this Court would call an unreasonable delay or lack of due diligence.

Defendant contends that because Plaintiff had knowledge that both Defendant's state of incorporation and principal place of business were in the state of Minnesota, Plaintiff failed to act diligently in attempting to effect service on Defendant anywhere other than at Defendant's headquarters in Minnesota. This Court disagrees that service may only be perfected at the business' headquarters, principal place of business, or within the state of incorporation when there is a registered agent to be found elsewhere.

Additionally, the fact that Defendant consented to the removal of this case to federal court and filed an answer to the complaint [Doc. 14] within the appropriate time limits indicates to the Court that Defendant has not been prejudiced by service of process.

## CONCLUSION

Accordingly, having considered the facts alleged, the applicable law, and the arguments raised by the parties, the Defendant's Motion for Judgment on the Pleadings is hereby **DENIED**. The alternative Motion for Summary Judgment is also **DENIED** as Defendant does not point to information outside the pleadings to support its motion for judgment on the pleadings, so it is not necessary to convert this motion into a Rule 56 Motion for Summary Judgment.

**SO ORDERED** this 19th day of July, 2005.

<u>s/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LTH/ mhm